BITTIGER ELIAS & TRIOLO P.C.
PRISCILLA J. TRIOLO, ESQ. (022641976)
12 ROUTE 17 NORTH, SUITE 206
PARAMUS, NEW JERSEY 07652
TELEPHONE: (201) 438-7770
FACSIMILE: (201) 438-5726
Attorneys for Plaintiff, Anna Maria Toth

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>JOHN TURI,<br><br>        Debtor.<br><br><br><br>ANNA MARIA TOTH,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN TURI,<br><br>        Defendant. | Bankruptcy No. 24-16751-RG<br><br>Chapter 7<br><br>Judge: Hon._____,<br>U.S.B.J.<br><br>Adversary No. |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS**

Plaintiff, Anna Maria Toth ("Ms. Toth" or "Plaintiff"), by and through her counsel, Bittiger Elias Triolo & Diehl P.C., by way of the within Complaint to

Determine Dischargeability of Debts against Debtor John Turi ("Debtor"), states and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding adversary pursuant to 28 U.S.C. 1334(a), (b) as it arises in or relates to the bankruptcy case of John Turi, United States Bankruptcy Court for the District of New Jersey, Case No. 24-16751-RG (the "Bankruptcy Case").

2. This Court also has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) as it is a core proceeding to determine the dischargeability of a particular debt.

3. Venue properly lies in this District under 28 U.S.C. § 1409(a) because this adversary proceeding is related to the Bankruptcy Case, which is pending in this District and arises under Title 11 of the United States Bankruptcy Code, 11 U.S.C. §701, et seq.

## PARTIES

1. Plaintiff, Anna Maria Toth, is a natural person and resident of the State of New York, residing at 7123 18th Avenue, Brooklyn, NY 11204  Ms. Toth is a creditor in the Debtors' Bankruptcy Case, and thus is authorized to bring this Complaint pursuant to 11 U.S.C. §§ 523(c)(1).

2. Defendant, John Turi, is a natural person and resident of the State of New Jersey, residing at 34 Como Drive, Somerset, New Jersey a/k/a Lot 14 in Block 508.02. John Turi is the Debtor in the above-referenced matter (hereinafter "Debtor").

## FACTS COMMON TO ALL COUNTS

3. Ms. Toth and the Debtor were married, which marriage ended by Judgment of Divorce on March 22, 2019 under Docket No. FM-18-754-16 which judgment imposed a Constructive Trust for inequitable retention by the Debtor of the pre-marital property belonging to Anna Maria Toth which the Court found that the Debtor had misappropriated and wrongly retained, and ordered that the property identified in the Judgment be returned to Anna Maria Toth, failing which a money judgment for value would be entered in favor of Ms. Toth and against the Debtor.

4. When the Debtor failed and refused to return the personal property of Anna Maria Toth, the Superior Court of New Jersey entered an Order for Judgment on May 19, 2019 under Docket No. FM-18-754-16 against the Debtor for $174,020.00, being the value of the wrongfully obtained and then retained pre-marital assets belonging to Plaintiff.

5. When the Debtor failed and refused to pay over the value of the wrongfully obtained and then retained pre-marital assets, the Superior Court of

New Jersey entered an Order for Judgment on May 21, 2021 under Docket No. FM-18-754-16 against the Debtor permitting the sale of 34 Como Drive, Somerset NJ to satisfy the Debt. The Order for Judgment was docketed in New Jersey as Judgment No. J-072594-19.

6. The Debtor appealed the Order for Judgment entered on May 21, 2021, under Superior Court, Appellate Division Docket No. A-3075-20, which appeal was denied and the decision of the Court entered on May 21, 2021, allowing the sale of 34 Como Drive in Somerset, NJ to satisfy the judgment was affirmed. The Appellate Division issued its Order on August 29, 2023.

7. After all efforts to resolve the matter were exhausted, and the Plaintiff had not received restitution by return of her per-marital assets or restitution by payment of the value of the pre-marital assets, the plaintiff sought to have the real property sold to satisfy the debt. The Sheriff's sale was first scheduled for June 18, 2024, and then was adjourned by the Debtor until July 16, 2024.

8. The Debtor filed this Bankruptcy Petition on July 4, 2024, to avoid the sale of the real property that was ordered sold to make restitution for pre-marital assets wrongfully appropriated and then wrongfully retained.

9. Upon information and belief, the Debtor has silent investments with his son in businesses servicing and care of domestic animals for a fee, which investments were not disclosed in the Petition for Bankruptcy.

10. During the marriage, the Debtor told Ms. Toth that he needed funds to make an investment in his son's business in servicing and caring for domestic animals for a fee. Ms. Toth provided the Debtor with the investment funds.

11. Upon information and belief, the Debtor is seized of property in Hom, Hungary which was not disclosed in the Petition for Bankruptcy.

12. During the marriage, the Debtor told Ms. Toth that he needed funds to purchase real property in Hungary. Ms. Toth provided the Debtor with the investment funds for the residential property.

13. At the time of the funding the Parties were married and the Debtor represented that both investments were to be shared.

14. Unknown to Ms. Toth, the business and real estate investment were solely for the benefit of the Debtor.

15. The Debtor did not return any investment money, refused to abide by the Court's Orders and Judgment requiring restitution of the theft of the pre-marital assets and filed a baseless appeal to delay his obligations to either return the property or pay the reasonable value of the assets.

16. The Debtor filed a Chapter 7 Bankruptcy Petition on July 4, 2024, In re Debtor, United States Bankruptcy Court for the District of New Jersey, Case No. 24-16751-RG to further attempt to avoid his obligations.

## COUNT ONE – EXCEPTION TO DISCHARGE

**The Debt to Ms. Toth is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(4) As It Was Obtained Through Fraud As Well As Embezzlement and Larceny**

17. Plaintiff repeats and realleges each of the preceding paragraphs of this Complaint as if set forth at length herein.

18. Section 523(a)(4) of the Bankruptcy Code prohibits a debtor from discharging a debt obtained by fraud, embezzlement or larceny.

19. The Debtor removed the pre-marital assets owned solely by Ms. Toth, without knowledge of consent of Ms. Toth while she was away visiting family, and notwithstanding multiple Orders of the Court to return the assets or compensate Ms. Toth for the value of the assets as restitution for the wrongful appropriation, the Debtor has failed and refused to do so.

20. The Debtor's fraud, as well as embezzlement of Ms. Toth's money, has damaged Ms. Toth in an amount not less than the New Jersey Superior Court Judgment amount of $174,020.00.

21. Accordingly, the Debtor's debt to Ms. Toth should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

22. The Superior Court of New Jersey directed that the property located at 34 Como Drive, Somerset NJ be sold to satisfy the Judgment of restitution.

23. The Debtor is not entitled to have his property located at 34 Como Drive, Somerset, NJ exempted from sale.

24. The real property located at 34 Como Drive, Somerset, NJ must be sold to provide restitution in the amount of $174,020.00 together with all accrued interest.

25. As a direct and proximate result of the wrongful actions of the Debtor, the Plaintiff's debt should not be discharged and the real property located at 34 Como Drive in Somerset NJ be sold to provide restitution.

**WHEREFORE,** Plaintiff, Anna Maria Toth, respectfully requests that this Court enter judgment denying the Debtor a discharge of the debt owed to Ms. Toth pursuant to 11 U.S.C. § 523(a)(4), denying any exemption for the real property located at 34 Como Drive, Somerset, NJ, together with reimbursement of attorneys' fees, costs of suit and such other relief as this Court deems just and proper.

### COUNT TWO – EXCEPTION TO DISCHARGE
### The Debt to Ms. Toth Is Non-Dischargeable As It Was Obtained By Actual Fraud Pursuant to 11 U.S.C. § 523(a)(2)(A)

26. Plaintiff repeats and realleges each of the preceding paragraphs of this Complaint as if set forth at length herein.

27. Section 523(a)(2)(A) of the Bankruptcy Code prohibits a debtor from discharging debts obtained by false pretenses, a false representation, or actual fraud.

28. The debt owed to Ms. Toth from the Debtor was clearly obtained by false pretenses, false representations and actual fraud.

29. The Debtor's false pretenses, false representations, and actual fraud has damaged Ms. Toth in an amount not less than the New Jersey Superior Court Judgment amount of $174,020.00.

30. Accordingly, the Debtor's debt to Ms. Toth should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

31. The Superior Court of New Jersey directed that the property located at 34 Como Drive, Somerset NJ be sold to satisfy the Judgment of restitution.

32. The Debtor is not entitled to have his property located at 34 Como Drive exempted from sale.

33. The real property located at 34 Como Drive Somerset, NJ must be sold to provide restitution in the amount of $174,020.00 together with all accrued interest.

34. As a direct and proximate result of the wrongful actions of the Debtor, the Plaintiff's debt should not be discharged and the real property located at 34 Como Drive in Somerset NJ be sold to provide restitution.

**WHEREFORE,** Plaintiff, Anna Maria Toth, respectfully requests that this Court enter judgment denying the Debtor a discharge of the debt owed to Ms. Toth pursuant to 11 U.S.C. § 523(a)(2)(A), denying any exemption for the real property

located at 34 Como Drive, Somerset, NJ, together with reimbursement of attorneys' fees, costs of suit and such other relief as this Court deems just and proper.

## COUNT THREE – EXCEPTION TO DISCHARGE
### The Debt to Ms. Toth Is Non-Dischargeable As It For Willful and Malicious Injury By the Debtor Pursuant to 11 U.S.C. § 523(a)(6)

35. Plaintiff repeats and realleges each of the preceding paragraphs of this Complaint as if set forth at length herein.

36. Section 523(a)(6) of the Bankruptcy Code prohibits a debtor from discharging a debt obtained for willful and malicious injury by the Debtor to another entity or to the property of another entity.

37. The Debtor knew that he would cause injury to Ms. Toth by wrongfully obtaining her pre-marital assets and converting them into money for his own personal gain.

38. The Debtor's conduct was willful and malicious. He wrongfully and surreptitiously secured Ms. Toth's pre-marital assets and used elaborate lies to Ms. Toth while she was out of the country to prevent Ms. Toth from discovering his fraud and larceny.

39. The Debtor's willful and malicious conduct damaged Ms. Toth in an amount not less than the New Jersey Superior Court Judgment amount of $174,020.00.

40. Accordingly, the Debtor's debt to Ms. Toth should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

41. The Superior Court of New Jersey directed that the property located at 34 Como Drive, Somerset NJ be sold to satisfy the Judgment of restitution.

42. The Debtor is not entitled to have his property located at 34 Como Drive exempted from sale.

43. The real property located at 34 Como Drive Somerset, NJ must be sold to provide restitution in the amount of $174,020.00 together with all accrued interest.

44. As a direct and proximate result of the wrongful actions of the Debtor, the Plaintiff's debt should not be discharged and the real property located at 34 Como Drive in Somerset NJ be sold to provide restitution.

**WHEREFORE,** Plaintiff, Anna Maria Toth, respectfully requests that this Court enter judgment denying the Debtor a discharge of the debt owed to Ms. Toth pursuant to 11 U.S.C. § 523(a)(6), denying any exemption for the real property located at 34 Como Drive, Somerset, NJ, together with reimbursement of attorneys' fees, costs of suit and such other relief as this Court deems just and proper.

**COUNT FOUR – EXCEPTION TO DISCHARGE**
**The Debt to Ms. Toth Is Non-Dischargeable As It For Willful and Malicious Injury By the Debtor Pursuant to 11 U.S.C. § 523(a)(11) (13) (15)**

45. Plaintiff repeats and realleges each of the preceding paragraphs of this Complaint as if set forth at length herein.

46. Section 523(a)(11) (13) and (15) of the Bankruptcy Code prohibits a debtor from discharging a debt obtained for willful and malicious injury by the Debtor to another entity or to the property of another entity.

47. The Debtor knew that Ms. Toth would be injured by wrongfully obtaining her pre-marital assets and converting them for his own personal gain.

48. The Debtor's conduct was willful and malicious. He wrongfully and surreptitiously secured Ms. Toth's pre-marital assets and used lied to Ms. Toth while she was out of the country to prevent Ms. Toth from discovering his fraud and larceny.

49. The Debtor's willful and malicious conduct damaged Ms. Toth in an amount not less than the New Jersey Superior Court Judgment amount of $174,020.00.

50. Accordingly, the Debtor's debt to Ms. Toth should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(11) (13) and (15).

51. The Superior Court of New Jersey directed that the property located at 34 Como Drive, Somerset NJ be sold to satisfy the Judgment of restitution.

52. The Debtor is not entitled to have his property located at 34 Como Drive exempted from sale.

53. The real property located at 34 Como Drive, Somerset, NJ must be sold to provide restitution in the amount of $174,020.00 together with all accrued interest.

54. As a direct and proximate result of the wrongful actions of the Debtor, the Plaintiff's debt should not be discharged and the real property located at 34 Como Drive in Somerset NJ be sold to provide restitution.

**WHEREFORE,** Plaintiff, Anna Maria Toth, respectfully requests that this Court enter judgment denying the Debtor a discharge of the debt owed to Ms. Toth pursuant to 11 U.S.C. § 523(a)(11), (13) and (15), denying any exemption for the real property located at 34 Como Drive, Somerset, NJ, together with reimbursement of attorneys' fees, costs of suit and such other relief as this Court deems just and proper.

> Respectfully submitted,
> By: ***Priscilla J. Triolo, Esq. /s/***
>      PRISCILLA J. TRIOLO, ESQ.
>      Bittiger Elias Triolo & Diehl P.C.
>      12 Route 17 North, Suite 206
>      Paramus, New Jersey 07652
>      (201) 438-7770
>      *Attorneys for Plaintiff-Creditor,*
>      *Anna Maria Toth*

Dated: October 7, 2024